IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA                3:13-cr-00444-BR

        Plaintiff,                      ORDER

v.

JACK HOLDEN,

        Defendant.

BROWN, Judge.

This matter comes before the Court on the government's

Motion (#76) to Compel Reciprocal Discovery and Defendant's *Ex*

*Parte* Motion (#84) to Defer Date for Disclosure of Certain

Discovery.  The Court heard oral argument on the parties' cross-

discovery Motions on February 6, 2015.

For the reasons that follow, the Court **GRANTS in part** and

**DENIES in part** the government's Motion (#76) to Compel Reciprocal

Discovery as stated herein.  The Court also **DENIES** Defendant's *Ex*

*Parte* Motion (#84) to Defer Date for Disclosure and directs

1 - ORDER

Defendant to make the disclosures required by Rule 16(b)(1)(A) and this Order no later than **Noon** on **February 17, 2015.**[1]

With respect to the government's Motion, the Court notes and the government conceded at oral argument that the Court does not have the authority to compel Defendant to disclose his witness and exhibit lists before trial.  In light of the complexity of the case, the need to address as many evidentiary issues as possible before the trial, and the importance of presenting the trial evidence to the jury in an efficient manner without repeated interruptions to address issues not resolved pretrial, the Court continues to urge Defendant to share trial witness and exhibit information with the government as soon as possible.

With respect to Defendant's argument that he has not "requested" discovery within the meaning of Federal Rule of Criminal Procedure 16(a)(1)(E), the Court is not persuaded.  In light of an early-expressed concern by Defendant's counsel regarding the government's intentions to provide timely and complete discovery, the Court has actively managed discovery and other pretrial matters in this fairly complicated case alleging, among other things, conspiracy and fraud taking place over many years and in foreign countries.  In particular, the Court required the government and Defendant to submit multiple status

---

[1] In light of the extraordinary volume of discovery in this case, Defendant need not disclose to the government any evidence that Defendant obtained from the government.

2 - ORDER

reports concerning discovery (#39, #42, #47).  During the
discovery conference with the Court on August 13, 2014,
Defendant's counsel emphasized they had been working with the
government to facilitate the government's production of
voluminous documentary discovery, and it appears to the Court
that the government has scrupulously continued to fulfil its
discovery obligations and to comply with the Court's early
deadlines for trial disclosures.  In light of Defendant's long
history of active participation in the process of acquiring the
government's discoverable documentary evidence, the Court finds
Defendant has "requested" such discovery within the meaning of
Rule 16(a)(1)(E).  Accordingly, the Court concludes Defendant has
reciprocal-discovery obligations under Rule 16(b)(1)(A).

Because Defendant's Rule 16(b)(1)(A)(i) reciprocal-discovery
obligations only apply to items that are "within the defendant's
possession, custody, or control," Defendant does not have a
present duty to disclose documents and things that are not
currently in his possession.  Nevertheless, the Court emphasizes
Defendant has a continuing duty to disclose discoverable
evidence.  Fed. R. Civ. P. 16(c).  Accordingly and in addition to
the February 17, 2015, production deadline set herein, the Court
directs Defendant to make prompt disclosure to the government of
any additional items Defendant obtains that qualify under
Defendant's reciprocal-discovery obligations and this Order.

3 - ORDER

Notwithstanding Defendant's Rule 16(b)(1)(A)(i) reciprocal-discovery obligations, Defendant notes and the Court agrees Defendant may defer until and if Defendant testifies at trial the production of any discovery that implicates Defendant's Fifth Amendment self-incrimination privilege. "'The Fifth Amendment grants persons the privilege not to provide the State with [self-incriminatory] evidence of a testimonial or communicative nature.'" *United States v. Bright*, 596 F.3d 683, 692 (9th Cir. 2010)(quoting *United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 772 (9th Cir. 2006)). Although a defendant "may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not 'compelled' within the meaning of the privilege," *United States v. Hubbell*, 530 U.S. 27, 36 (2000), "'the act of production' itself may implicitly communicate 'statements of fact'" such that by "'producing documents . . . , the witness would admit that the papers existed, were in his possession or control, and were authentic.'" *Id.* (quoting *United States v. Doe*, 465 U.S. 605, 613 n.11 (1984)). In other words, Defendant may only defer or withhold production of evidence that otherwise falls within his Rule 16(b) discovery obligations if "the act of production would be testimonial." *See Bright*, 596 F.3d at 691.

Accordingly, the Court directs Defendant to disclose to the

4 - ORDER

government by February 17, 2015, any evidence in his custody, possession, or control that he intends to use "in his case-in-chief at trial" and that does not implicate his Fifth Amendment privilege because the act of production would be "testimonial." *See* Fed. R. Crim. P. 16(b)(1)(A)(ii).   Pursuant to Rule 16(d)(2), the Court intends to sustain any government objection to Defendant introducing at trial any undisclosed evidence that Defendant has a duty to disclose under Rule 16(b)(1)(A) and this Order.

The parties, however, seem to dispute the meaning of "case-in-chief at trial" for purposes of defining the scope of Defendant's production obligations.   As noted at oral argument, the Court concludes Rule 16(b)(1)(A) does not require Defendant to disclose evidence introduced for the sole purpose of impeaching the credibility of a government witness, such as pursuant to Federal Rules of Evidence 608 or 609.   *See also United States v. Medearis*, 380 F.3d 1049, 1056-57 (8th Cir. 2004).   On the other hand, the Court concludes Rule 16(b)(1)(A)(ii) does require Defendant to disclose to the government all substantive, non-privileged evidence that Defendant plans to introduce at trial, regardless whether Defendant intends to introduce the evidence through a witness he

calls at trial or through cross-examination of a government

witness.[2]


## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in**

**part** the government's Motion (#76) to Compel Reciprocal

Discovery.   The Court **DENIES** Defendant's *Ex Parte* Motion (#84) to

Defer Date for Disclosure.   Defendant shall make the disclosures

required by Rule 16(b)(1)(A) and this Order no later than **Noon** on

**February 17, 2015.**

IT IS SO ORDERED.

DATED this 10th day of February, 2015.


_____
ANNA J. BROWN
United States District Judge


---

[2] Although there appears to be a split of authority on this
question, the Court concludes permitting a defendant to restrict
his reciprocal-discovery obligations under Rule 16(b)(1)(A) to
only the evidence which the defendant intends to introduce
through witnesses he calls to testify would permit a defendant to
defer his Rule 16(b)(1)(A) disclosures until the close of the
government's case at trial and thereby render meaningless the
defendant's obligation to make the relevant disclosures "upon
request."   *See* Fed. R. Crim. P. 16(b)(1)(A).