IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:13-cr-00444-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JACK HOLDEN, | |
| Defendant. | |

S. AMANDA MARSHALL
United States Attorney
**CLAIRE M. FAY**
**DONNA MADDUX**
Assistant United States Attorneys
U.S. Attorney's Office
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1000

        Attorneys for Plaintiff

**LISA HAY**
Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204
(503) 326-2123

1 - OPINION AND ORDER

**ELLEN PITCHER**
0324 S.W. Abernethy Street
Portland, OR 97239
(971) 717-6579

      Attorneys for Defendant

**BROWN, Judge.**

  This matter comes before the Court on Defendant's *Ex Parte* Motion (#115) for Reconsideration of the Court's Order (#91) and Defendant's corresponding nonsealed summary of the Motion (#117). In its Response (#126) to Defendant's Motion the government requests partial reconsideration of the Court's Order (#91) issued February 10, 2015, as to the Court's decision not to require Defendant to disclose evidence that Defendant originally obtained from the government.

  The Court heard oral argument on Defendant's Motion on March 4, 2015. For the reasons that follow, the Court **GRANTS** Defendant's Motions (#115, 117) for Reconsideration to the extent that it has reconsidered its February 10, 2015, Order. The Court, however, **ADHERES** to those parts of that Order regarding Defendant's reciprocal-discovery obligations and his Fifth Amendment privilege. The Court also **GRANTS** the government's request for reconsideration contained in its Response (#126) to Defendant's Motions and **MODIFIES** its February 10, 2015, Order in that Defendant is required to disclose evidence within the scope of his reciprocal-discovery obligations that Defendant

2 - OPINION AND ORDER

originally received from the government.

## BACKGROUND

On February 10, 2015, the Court issued an Order (#91) granting in part and denying in part the government's Motion (#76) to Compel Reciprocal Discovery and denying Defendant's *Ex Parte* Motion (#84) to Defer Date for Disclosure. With regard to Defendant's reciprocal-discovery obligations and the scope of Defendant's obligation to produce evidence that Defendant intends to introduce in his "case-in-chief," the Court held:

> [Federal Rule of Criminal Procedure] 16(b)(1)(A) does not require Defendant to disclose evidence introduced for the sole purpose of impeaching the credibility of a government witness, such as pursuant to Federal Rules of Evidence 608 or 609. On the other hand, the Court concludes Rule 16(b)(1)(A)(ii) does require Defendant to disclose to the government all substantive, non-privileged evidence that Defendant plans to introduce at trial, regardless whether Defendant intends to introduce the evidence through a witness he calls at trial or through cross-examination of a government witness.

Order (#91) at 5-6 (issued Feb. 10, 2015)(citations omitted). In other words, the Court concluded the phrase "case-in-chief at trial" refers to all substantive, nonimpeachment evidence Defendant intends to use at trial regardless of when Defendant intends to use the evidence during trial.

With regard to Plaintiff's Fifth Amendment self-incrimination privilege, the Court held "Defendant may only defer or withhold production of evidence that otherwise falls within

3 - OPINION AND ORDER

his Rule 16(b) discovery obligations if 'the act of production would be testimonial.'" Order (#91) at 4 (quoting *United States v. Bright*, 596 F.3d 683, 691 (9th Cir. 2010)). Finally, in light of the 40,000+ pages of discovery provided to Defendant by the government, the Court concluded "Defendant need not disclose to the government any evidence that Defendant obtained from the government." Order (#91) at 2 n.1.

## DISCUSSION

Defendant contends the Court misconstrued the meaning of "case-in-chief" as it appears in Rule 16(b)(1)(A) and as it applies to his reciprocal-discovery obligations. In addition, Defendant requests this Court to review certain documents to determine whether they are subject to protection under Defendant's self-incrimination privilege.

The government, in turn, contends the Court properly enunciated the standard for Defendant's reciprocal-discovery obligations under Rule 16(b)(1)(A), but the government seeks reconsideration of the Court's decision not to require Defendant to disclose evidence originally obtained from the government.

### I.   Defendant's Reciprocal-Discovery Obligations

Rule 16(b)(1)(A) provides:

> If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers,

4 - OPINION AND ORDER

>    documents, data, photographs, tangible objects,
>    buildings or places, or copies or portions of any of
>    these items if:
>
>    (i)  the item is within the defendant's
>         possession, custody, or control; and
>
>    (ii) the defendant intends to use the item in the
>         defendant's case-in-chief at trial.

Defendant contends the term "case-in-chief at trial" only refers to evidence that Defendant intends to use after the government rests. The government, in turn, contends the Court's interpretation of the phrase "case-in-chief at trial" is correct. Thus, the crux of this dispute is whether under Rule 16 the phrase "case-in-chief at trial" is used in a strictly temporal sense (*i.e.*, the period of trial after the government rests) or whether the term refers to the purpose for which the defendant intends to use the evidence.

Defendant relies on *United States v. Givens*, 767 F.2d 574, 582-83 (9th Cir. 1985), and *United States v. Harry*, No. CR 10-1915 JB, 2014 WL 6065705 (D.N.M. Oct. 14, 2014), for the proposition that Rule 16(b) only requires Defendant to disclose evidence that he intends to use in the period of trial after the government rests.

Defendant's reliance on *Givens* as contradicting the Court's analysis in its February 10, 2015, Order is misplaced. In *Givens* the Ninth Circuit considered whether the government had a duty within the meaning of Rule 16(a)(1)(C) to disclose certain

5 - OPINION AND ORDER

evidence because it intended to use the evidence in its "evidence in chief" (*i.e.*, the other side of the reciprocal-discovery coin). After the government rested, the defendant presented testimony that a Converse shoe-print found at the scene of the crime did not belong to him because he only owned one pair of tennis shoes and those shoes were not Converse. 767 F.2d at 582. In its rebuttal case the government presented testimony that an agent had seen the defendant wearing Converse shoes one year earlier and that the crime-scene shoe-print was, in fact, made by a Converse shoe. The government then introduced into evidence two pairs of Converse shoes to "illustrate the testimony." *Id.* at 582-83. Givens argued the Court should have excluded the government's rebuttal evidence because the government did not disclose it pursuant to the then-Rule 16(a)(1)(C), which required the government to disclose all of its "evidence in chief." *Id.* at 583.

After finding the Rules use the phrase "evidence in chief" interchangeably with "case-in-chief," the Ninth Circuit concluded the government did not have a duty to disclose its rebuttal evidence under Rule 16(a)(1)(C) because "[t]he evidence was offered to impeach Givens' wife's testimony that Givens owned only one pair of tennis shoes." *Id.* The court, therefore, stated the straightforward principle that one way to impeach a witness's testimony is to introduce evidence that contradicts the

6 - OPINION AND ORDER

witness's testimony.[1]

The Ninth Circuit in *Givens* appears to assume Rule 16 does not use the interchangeable phrases "evidence in chief" and "case-in-chief" in a strict temporal sense.  Under a strict temporal interpretation of Rule 16, the *Givens* court could have resolved the issue before it on the basis that the government introduced the evidence in its rebuttal case rather than in its temporal "case-in-chief" before Defendant called his witnesses. *See id.* at 582 ("During rebuttal, the government attempted to impeach Givens' wife's testimony regarding the tennis shoes."). Instead the Ninth Circuit found the government did not intend to use the Converse shoe evidence as "evidence in chief" because it was introduced for impeachment purposes. *Id.* at 583.  The Court concludes the analytical approach in *Givens*, therefore, assumes the phrases "evidence in chief" and "case-in-chief" refer to the purpose for which the government intended to offer the evidence rather than the temporal stage of trial in which the government sought to use it.  Thus, the Court concludes *Givens* is not inconsistent with the Court's February 10, 2015, Order and does not provide a basis to modify it.

The Court notes the district court in *United States v. Harry* concluded the phrase "case-in-chief" within the meaning of Rule

---

[1] Another case cited by Defendant, *United States v. Cerro*, 775 F.2d 908, 915 (7th Cir. 1985), stands for the same principle as *Givens*.

7 - OPINION AND ORDER

16(b)(1)(A) referred to the part of a defendant's trial that "comes after the United States rests" (see 2014 WL 6065705, at *6).  Nevertheless, Defendant's reliance on *Harry* as grounds to modify this Court's Order is misplaced for three reasons.

First, the *Harry* court acknowledged:

> There could be cases where everyone agrees that, to avoid recalling witnesses, everyone will just ask all of their questions while the witness is present; and the cross-examination is really a direct examination with non-leading questions; and in such cases the defendant's case-in-chief should include that direct examination; but without such circumstances, the Court should treat case-in-chief with its traditional meaning.

*Id.*, at *10.  In fact, the use of evidence by a criminal defendant outside of the scope of traditional cross-examination through one of the government's witnesses is standard modern trial practice in complex cases like this one because it is more efficient, is respectful of the availability of out-of-district witnesses, and presents the evidence to the factfinder in a more streamlined and understandable manner.  Thus, the *Harry* court's acknowledgment that some evidence a defendant intends to use in examination of government witnesses may be evidence the defendant intends to use in his "case-in-chief" undermines that court's bright-line temporal interpretation of "case-in-chief."

In *Harry* the defendant also intended to use the evidence at issue as impeachment evidence. *Id.*, at *11 ("Harry intends to use the recordings and transcripts as prior inconsistent

8 - OPINION AND ORDER

statements in the event that one of the United States' witnesses testifies contrary to the transcript. This use is impeachment material."). Thus, to the extent that Defendant relies on *Harry* for the proposition that Rule 16(b)(1)(A) does not require a defendant to disclose nonimpeachment evidence that the defendant intends to introduce through one of the government's witnesses, the *Harry* court's language regarding that issue is dictum.

Finally, the *Harry* court relied on the fact that a pre-2002 version of Rule 16 used the phrase "evidence in chief" instead of "case-in-chief." Defendant relies on the *Harry* court's statement that "[t]he Advisory Committee's Notes to the 2002 Amendments state that the change from 'evidence in chief' to 'case-in-chief' 'may be substantive in nature.'" *Id.*, at *8. The Court concludes this is a misreading of the Advisory Committee's Notes. The potentially substantive change that the Advisory Committee referred to was an amendment of the language "'the defendant intends to *introduce* as evidence' to the 'defendant intends to *use* the item'" rather than the change from "evidence in chief" to "case-in-chief." Advisory Comm. Notes to Fed. R. Crim. P. 16 (2002 Amendment). In fact, it would be odd for the Advisory Committee to ascribe substantive significance to the change to "case-in-chief" from "evidence in chief" in light of the fact that the Committee previously defined "evidence in chief" in the context of the pre-2002 Rule 16(b) as "evidence in [a

defendant's] case in chief." Advisory Comm. Notes to Fed. R. Crim. P. 16 (1974 Amendment). Accordingly, this Court agrees with the *Givens* court that the difference between "evidence in chief" and "case-in-chief" is not substantive in this context. See 767 F.2d at 583.

In short, the Court concludes its February 10, 2015, Order does not conflict with *Givens* and that *Harry* is unpersuasive as to the issue of reciprocal discovery. The Court, moreover, finds persuasive the approaches taken in *United States v. Swenson*, 298 F.R.D. 474, 475-77 (2014), and *United States v. Hsia*, 2000 WL 195067 (D.D.C. Jan. 21, 2000). In both cases the courts concluded Rule 16(b)(1)(A) requires a defendant to disclose nonimpeachment substantive evidence that the defendant intends to use in examination of government or defense witnesses. *Swenson*, 298 F.R.D. at 476-77; *Hsia*, 2000 WL 195067, at *1-*2. See also *United States v. Young*, 248 F.3d 260, 269-70 (4th Cir. 2001)(concluding evidence offered by a defendant for a nonimpeachment purpose was "evidence in chief" within the meaning of Rule 16). This approach is more consistent with the realities of modern trial practice, the analytical approach the Ninth Circuit took in *Givens* with regard to the government's corollary obligation, and the structure and integrity of Rule 16(b) as a whole.

For these reasons the Court adheres to its Order (#91) with

10- OPINION AND ORDER

respect to Defendant's Rule 16(b) reciprocal-discovery obligations: *i.e.*, that under Rule 16(b)(1)(A), Defendant is required to produce all nonprivileged evidence that he intends to use for a substantive nonimpeachment purpose even if he intends to use that evidence during examination of a witness called by the government.

Ultimately, whether specific evidence is subject to Defendant's reciprocal-discovery obligations is a determination the Defendant will make initially. If the government objects to the introduction of undisclosed evidence at trial on the basis that Defendant had an obligation to disclose under Rule 16(b), the Court will consider its options under Rule 16(d)(2) at that time.

## II. Fifth Amendment Self-Incrimination Privilege

In his Motion for Reconsideration Defendant submits several pieces of evidence *ex parte* that Defendant believes fall within his Fifth Amendment privilege, but Defendant does not seek reconsideration of the general standard set out by the Court in its February 10, 2015, Order.

As indicated at oral argument, the Court declines to determine at this point and on an underdeveloped trial record whether any of the documents submitted by Defendant are properly withheld pursuant to Defendant's Fifth Amendment privilege.

## III. Defendant's Disclosure of Evidence Originally Provided to Defendant by the Government

As noted, in its response to Defendant's Motion for Reconsideration the government also requests reconsideration of the Court's ruling that Defendant need not disclose to the government any evidence he intends to use at trial that he originally obtained from the government. See Order (#91) at 2 n.1. The government contends it is entitled to such disclosure under the plain meaning of Rule 16(b)(1)(A), which requires Defendant to disclose "photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items" without any exclusion for items provided to Defendant by the government. See also Swenson, 298 F.R.D. at 478; Hsia, 2000 WL 195067, at *1. In particular, the government argues nondisclosure of such evidence would prejudice the government and frustrate its ability to proceed efficiently at trial because the government would have to request a recess to search its file consisting of approximately 40,000 images to ensure that the evidence offered by Defendant satisfies evidentiary standards and to identify any responsive relevant evidence.

Defendant, in turn, contends requiring him to disclose to the government evidence he intends to use at trial that the government provided to him would be tantamount to requiring Defendant to disclose its trial exhibits, which is beyond

12- OPINION AND ORDER

Defendant's reciprocal-discovery obligations.

As indicated in its February 10, 2015, Order, the Court was concerned at that time about burdening Defendant with the additional task of identifying which of the government's voluminous discovery materials that Defendant intended to use in its case-in-chief at trial. This concern was especially pressing then because the parties were proceeding to trial less than one month after the issuance of the Court's Order. Since that time, however, trial has been continued to September 29, 2015. Accordingly, the exigency in Defendant's need to prepare for an imminent trial is not the pressing concern the Court was seeking to mitigate when the Court issued its February 10, 2015, Order.

In light of these changed circumstances and the arguments the government advances, the Court has reconsidered its February 10, 2015, Order that Defendant is not required by Rule 16(b) to disclose to the government any evidence that Defendant intends to use at trial that is within the scope of Defendant's reciprocal-discovery obligations and was provided to Defendant by the government. Although Rule 16(b)(2) contains specific exemptions from Defendant's reciprocal-discovery obligations for work product and statements made by the defendant and potential witnesses, the government correctly emphasizes the Rule does not exclude materials originally obtained from the government. *See Swenson*, 298 F.R.D. at 478; *Hsia*, 2000 WL 195067, at *1. The

13- OPINION AND ORDER

Court also concludes Defendant misses the mark when he contends an order requiring disclosure of this evidence to the government would expand Defendant's discovery obligations beyond those of the government because the effect of such an order would be to require Defendant to disclose his trial exhibits to the government. The Court disagrees. Rule 16(b) and this Court's Orders do not require Defendant to disclose his discovery materials to the government in any organizational manner intended for trial (beyond the good-faith duties imposed on all counsel).

Finally, the Court agrees the government's practical concerns are well-founded. The surprise introduction in Defendant's case-in-chief of exhibits drawn from the voluminous documents provided by the government in discovery would likely cause unwarranted and preventable delays in trial to allow the government to search its files to ensure the completeness and accuracy of the exhibits offered by Defendant.

Accordingly, having reconsidered its February 10, 2015, Order as to Defendant's duty to disclose under Rule 16(b) evidence that Defendant originally received from the government, the Court concludes such evidence is not exempt from Defendant's reciprocal-discovery obligations.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motions

14- OPINION AND ORDER

(#115, 117) for Reconsideration to the extent that the Court has reconsidered its February 10, 2015 Order. The Court, however, **ADHERES** to those parts of that Order regarding Defendant's reciprocal-discovery obligations and his Fifth Amendment privilege.

The Court also **GRANTS** the government's request for reconsideration contained in its Response (#126) to Defendant's Motions and **MODIFIES** its February 10, 2015, Order in that Defendant is required to disclose evidence within the scope of his reciprocal-discovery obligations that Defendant originally received from the government.

The Court directs Defendant to fulfill his reciprocal-discovery obligations no later than **April 2, 2015**, and, pursuant to Rule 16(c), directs Defendant to comply with his continuing duty to disclose thereafter.

IT IS SO ORDERED.

DATED this 19th day of March, 2015.

_____
ANNA J. BROWN
United States District Judge