IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA                    3:13-cr-00444-BR

       Plaintiff,                           OPINION AND ORDER

v.

JACK HOLDEN,

       Defendant.


**BILLY J. WILLIAMS**
United States Attorney
**CLAIRE M. FAY**
**DONNA MADDUX**
Assistant United States Attorneys
U.S. Attorney's Office
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1000

       Attorneys for Plaintiff

**LISA HAY**
Federal Public Defender
**RICHARD EDWARD NEEL FEDERICO**
**MARK P. AHLEMEYER**
Assistant Federal Defenders
101 S.W. Main Street, Suite 1700
Portland, OR 97204
(503) 326-2123

       Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the government's request that the Court order Defendant Jack Holden to forfeit $1,410,760.00 as a result of his conviction for mail and wire fraud.

## BACKGROUND

In the Indictment (#1) the government included a forfeiture allegation as to each of the mail and wire fraud counts (Counts Two through Ten) against Defendant and his co-Defendant Lloyd Benton Sharp.  In that allegation the government indicated forfeiture was appropriate pursuant to 18 U.S.C. § 981(a)(1)(C) and (D) and 28 U.S.C. § 2461(c).

At Defendant Holden's trial the government dismissed Count Nine of the Indictment.  The jury found Defendant guilty of all remaining counts as to Defendant Jack Holden, including, as relevant here, Counts Two through Eight and Count Ten.

After the verdict the government did not seek and the Court did not issue any preliminary order of forfeiture.  On page 57 of the government's Sentencing Memorandum (#228) filed April 27, 2016, however, the government requested the Court to order Defendant to forfeit $1,410,760.00 and indicated it would submit the appropriate documentation at sentencing.

At sentencing on May 5, 2016, Defendant objected to any

order of forfeiture on the grounds that the government did not
provide sufficient notice of forfeiture, Defendant was entitled
to a jury trial as to forfeiture, and the Court cannot order
forfeiture when it has already ordered Defendant to pay
restitution.  Because these disputed forfeiture issues had not
yet been addressed by the parties, the Court directed the parties
to brief Defendant's objections to forfeiture.

## DISCUSSION

Defendant and the government agree if forfeiture is
appropriate in this case, 18 U.S.C. § 981(a)(1)(C) governs.
Section 981(a)(1)(C) provides "[a]ny property, real or personal,
which constitutes or is derived from proceeds traceable to" mail
or wire fraud is subject to forfeiture.  Section 981(a)(2)
contains three definitions of "proceeds":

> (A) In cases involving illegal goods, illegal services,
> unlawful activities, and telemarketing and health care
> fraud schemes, the term "proceeds" means property of
> any kind obtained directly or indirectly, as the result
> of the commission of the offense giving rise to
> forfeiture, and any property traceable thereto, and is
> not limited to the net gain or profit realized from the
> offense.
>
> (B) In cases involving lawful goods or lawful services
> that are sold or provided in an illegal manner, the
> term "proceeds" means the amount of money acquired
> through the illegal transactions resulting in the
> forfeiture, less the direct costs incurred in providing
> the goods or services.  The claimant shall have the
> burden of proof with respect to the issue of direct
> costs.  The direct costs shall not include any part of
> the overhead expenses of the entity providing the goods

> or services, or any part of the income taxes paid by the entity.
>
> (C) In cases involving fraud in the process of obtaining a loan or extension of credit, the court shall allow the claimant a deduction from the forfeiture to the extent that the loan was repaid, or the debt was satisfied, without any financial loss to the victim.

Defendant now raises four arguments in opposition to forfeiture:  (1) Defendant contends he is entitled to a jury finding as to forfeiture; (2) Defendant asserts an order of both forfeiture and restitution would constitute a double recovery and, therefore, would violate the Double Jeopardy Clause of the Fifth Amendment; (3) Defendant contends forfeiture should not be ordered in the amount of $1,410,760.00 because the narrower definition of "proceeds" in § 981(a)(2)(B) applies to this case, and, moreover, Defendant has not been provided with an opportunity to submit evidence as to the "direct costs incurred"; and (4) Defendant contends the government failed to provide adequate notice of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2.

## I.   Entitlement to Jury Finding

Defendant contends for the purpose of preserving the issue for appeal that he has a right under the Sixth Amendment to the United States Constitution to a jury determination as to whether the government is entitled to forfeiture and, if necessary, the amount thereof.  Nevertheless, Defendant notes the Ninth Circuit

has held a Defendant does not have a right to a jury determination on forfeiture. *See United States v. Christensen*, 801 F.3d 970, 1026 (9th Cir. 2015).

Accordingly, on this record the Court concludes Defendant does not have a right to a jury determination regarding forfeiture.

## II. Double Jeopardy

Defendant also asserts for the purpose of preserving the issue for appeal that the issuance of both an order of restitution and an order of forfeiture would violate the Double Jeopardy Clause of the Fifth Amendment because it would result in the imposition of multiple financial penalties for the same conduct. Nevertheless, Defendant acknowledges the Ninth Circuit has held the imposition of both restitution and criminal forfeiture "is not an impermissible 'double recovery'" because forfeiture and restitution serve distinct purposes. *United States v. Newman*, 659 F.3d 1235, 1240-42 (9th Cir. 2011).

Accordingly, on this record the Court concludes the imposition of both forfeiture and restitution would not violate the Double Jeopardy Clause.

## III. Calculation of "Proceeds" Subject to Forfeiture

Defendant contends the narrower definition of "proceeds" that are subject to forfeiture under § 981(a)(2)(B) applies to this case because the scheme underlying the charges in the

Indictment involves the production and potential sale of biodiesel, a legal product.  The government, however, contends the broader definition of "proceeds" in § 981(a)(2)(A) applies because the fraud in this case qualifies as "unlawful activities" and this case does not involve the sale or provision of lawful goods or services because Defendant never actually sold any biodiesel.

In this case whether "proceeds" are calculable under § 981(a)(2)(A) or (B) depends on whether the case involves "unlawful activities" under § 981(a)(2)(A) or instead is appropriately categorized as involving "lawful goods or lawful services that are sold or provided in an illegal manner" under § 981(a)(2)(B).  That question is an inquiry that depends on the particular facts of the case. *See United States v. Nacchio*, 573 F.3d 1062, 1089 (10th Cir. 2009).

Based on the evidence presented at trial, the Court concludes the "proceeds" traceable to Defendant's mail and wire fraud must be calculated pursuant to § 981(a)(2)(A).  Ultimately, the misrepresentations that Defendant made to investors constituted the criminal conduct of mail and wire fraud. Moreover, although there was evidence that at least one of Defendant's employees produced a small quantity of biodiesel in an experiment, there was not any evidence introduced at trial that Defendant sold or otherwise provided any biodiesel to a

6 – OPINION AND ORDER

third party.  Accordingly, the Court concludes this is a case that involves "unlawful activities" rather than a case "involving lawful goods or lawful services that are sold or provided in an illegal manner."  *See* 18 U.S.C. § 981(a)(2).

On this record, therefore, the Court concludes the proceeds traceable to Defendant's mail and wire fraud must be calculated pursuant to § 981(a)(2)(A).

## IV.  Compliance with Federal Rule of Criminal Procedure 32.2

Federal Rule of Criminal Procedure 32.2(b)(2)(A) provides:

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.

"Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)."  Fed. R. Crim. P. 32.2(b)(2)(B).  "At sentencing - or at any time before sentencing if the defendant consents - the preliminary forfeiture order becomes final as to the defendant."  Fed. R. Crim. P. 32.2(b)(4)(A).  A failure to enter a preliminary order of forfeiture before sentencing is harmless when the Defendant has "actual notice of the forfeiture."  *United States v. Moreno*, 618 F. App'x 308, 314 (9th Cir. 2015).

In this case the government did not request and the Court did not issue a preliminary order of forfeiture before sentencing. The government contends the lack of a preliminary order of forfeiture was harmless, however, because Defendant had actual notice through the forfeiture allegation in the Indictment and the government's representation in its Sentencing Memorandum that it requested a forfeiture money judgment in the amount of $1,410,760.00.

Although Defendant had notice of forfeiture in general as a result of the Indictment, the Court concludes the notice of the specific amount of forfeiture the government stated in its Sentencing Memorandum was not the functional equivalent of the notice provided by a preliminary order of forfeiture because it was only entered one week before sentencing, which is not "sufficiently in advance of sentencing" as required by Rule 32.2. Defendant, therefore, did not have sufficient time to prepare to contest genuinely the amount of forfeiture together with all of the many other issues to be addressed at sentencing, and, as a result, the Court did not have a meaningful opportunity to consider and resolve this contested issue.

The Court, therefore, concludes it must conduct further inquiry to develop the record on the disputed forfeiture amount under 18 U.S.C. § 981(a)(1)(c). To that end, the Court (1) directs the government to submit to the Court a proposed form

8 - OPINION AND ORDER

of preliminary order of forfeiture **no later than July 13, 2016**, and (2) directs the parties to confer regarding the amount of forfeiture to be ordered pursuant to § 981(a)(2)(A) and to file concurrently with the proposed preliminary order of forfeiture a single, Joint Statement Regarding Forfeiture that concisely states any remaining disputes and the parties' positions as to such disputes.  The Court will advise the parties if the Court determines a hearing is needed to resolve such disputes.

IT IS SO ORDERED.

DATED this 30th day of June, 2016.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge